## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ANCHOR BAR DISTRIBUTING
COMPANY, LLC.,

*Plaintiff,*

                                                    Case No.:

           v.

THE ANCHOR BAR INC.,

*Defendant.*

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL
## (INJUNCTIVE RELIEF SOUGHT)

Plaintiff, ANCHOR BAR DISTRIBUTING COMPANY, LLC,
("Original Anchor Bar"), sues Defendant, THE ANCHOR BAR INC.
("Defendant"), alleging the following:

## NATURE OF THE ACTION

1.      This is a civil action for trademark infringement and unfair
competition arising under the Lanham Trademark Act, 15 U.S.C. 1114,
1125(a) and 1125(d), Florida's Deceptive and Unfair Trade Practices Act,
Section 501.201, et seq., Florida Statutes, and common law trademark
infringement and unfair competition.

2.      Plaintiff, Original Anchor Bar is the home of the "Original
Buffalo Wing" and, as a result enjoys widespread fame for popularizing spicy

1

deep-fried chicken wings.   More generally, Original Anchor Bar offers restaurant services and retail sale of food products through its own restaurants, its franchised restaurants, and online.

3.      Original Anchor Bar owns valuable rights and goodwill in its trademarks and service marks, including its federally registered "ANCHOR BAR" mark, which Original Anchor Bar has used continuously since 1935.

4.      Despite the fame of Original Anchor Bar, its federally registered ANCHOR BAR trademarks, and its demand that Defendant cease its infringing conduct, Defendant continues to use an identical mark to Plaintiff's ANCHOR BAR mark in association with the same goods and services as those provided by Plaintiff.

**PARTIES**

5.      Plaintiff, Original Anchor Bar, is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business located at 651 Delaware Avenue, Buffalo, NY.

6.      Defendant, is a Florida corporation organized and existing under the laws of the State of Florida, with its principal place of business located at 304 East Davis Blvd., Unit A, Tampa, FL.

**JURISDICTION AND VENUE**

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. §

1391(b)(2) because a substantial part of the events giving rise to the claims asserted in this Complaint occurred in this judicial district and/or a substantial part of the property that is the subject of the action is situated in this district.

8.     The claims of trademark infringement and unfair competition asserted in this action arise under the provisions of the Lanham Act, 15 U.S.C. § 1501 et seq. This Court has original jurisdiction over these claims pursuant to 15 U.S.C. § 1121(a) and § 1338(a). This Court further has supplemental jurisdiction over the Florida state law statutory and common law claims pursuant to 28 U.S.C. § 1367.

9.     Pursuant to Section 48.193, Florida Statutes, this Court has personal jurisdiction over Defendant because Defendant conducts business within this judicial district and is registered as a corporation in Florida.

10.     All conditions precedent to the commencement of this action have been performed, satisfied, waived, excused, or have occurred.

## **FACTUAL BACKGROUND**

10.     Plaintiff, through its predecessors, has been engaged in providing restaurant services since 1935 when the original "ANCHOR BAR" restaurant opened in Buffalo, New York.

11.     After years of operation as an Italian restaurant, in 1964,

3

Plaintiff's then owner created a late-night snack for her son and his friends, namely, a deep-fried chicken wing flavored with a secret sauce. The chicken wings were an instant hit and soon people flocked to the to the Anchor Bar restaurant to experience this new taste sensation. From that evening on, the deep-fried chicken wings, now known to the world as "Buffalo Wings," became a regular part of the menu at the Anchor Bar restaurant.

12.    The original Anchor Bar restaurant has long been a popular destination for locals and, due in large part to the popularity of the "Buffalo Wing", the restaurant has become known throughout the United States and beyond, becoming a large draw for tourists and travelers to the Western New York area.

13.    Since 1935, and especially after the advent of the "Buffalo Wing," Original Anchor Bar's operations have exponentially expanded, through the opening of restaurants in other locations in the Western New York geographic area, and further expansion in the United States and Canada. All of Original Anchor Bar's restaurants use its ANCHOR BAR mark, are branded as ANCHOR BAR restaurants, and are known for their famous Buffalo Wings.

14.    Original Anchor Bar has also expanded into the retail and online sale of chicken wings branded with its ANCHOR BAR mark through Plaintiff's website (www.anchorbar.com) and through third party retailers.

4

15.    Since 1999, Original Anchor Bar has also sold its wing sauces branded with its ANCHOR BAR mark throughout the United States and globally at grocery stores and other retail outlets, through its website, and through third-party online sellers,

16.    Original Anchor Bar also advertises and sells various promotional items, such as t-shirts and caps all bearing the ANCHOR BAR mark and Original Anchor Bar's famous logos.

17.    Original Anchor Bar registered its ANCHOR BAR mark on the Principal Register of the United States Patent and Trademark Office ("USPTO") for use in association with restaurant services as U.S. Service Mark Registration No. 2,662,608, with a date of first use of 1935 and a date of first use in commerce of 1985.

18.    Original Anchor Bar also registered its trademarks with the USPTO for use in association with restaurant services, chicken wings, hot sauce, mail order retail sales of chicken wings and chicken wing sauces, along with promotional items (collectively, "Plaintiff's Marks or the "ANCHOR BAR Marks"). Copies of the Certificates of Registration for the ANCHOR BAR Marks listed below are attached to this Complaint as **Composite Exhibit "A":**

| TRADEMARKS | REG. NOS. | REG. DATES | GOODS/ SERVICES |
|---|---|---|---|
|  | 6,644,336 | February 15, 2022 | Chicken wing sauces |
| **ANCHOR BAR** | 6,644,326 | February 15, 2022 | Fresh, frozen and refrigerated chicken wings for consumption on or off the premises<br><br>Chicken wing sauces |
|  | 4,442,199 | December 3, 2013 | Fresh, frozen and refrigerated chicken wings for consumption on or off the premises<br><br>Restaurant services |
|  | 4,428,337 | November 5, 2013 | Restaurant services |

| | | | |
|---|---|---|---|
| **ANCHOR BAR** | 2,666,055 | December 24, 2002 | Mail order retail services featuring chicken wings and chicken wing sauces |
| **ANCHOR BAR** | 2,662,608 | December 17, 2002 | Restaurant services |
| **ANCHOR BAR** | 2,612,603 | August 27, 2002 | Novelty items, namely, t-shirts and hats |
|  | 2,172,483 | July 14, 1998 | Hot sauce |
|  | 1,549,347 | July 25, 1989 | Fresh, frozen and refrigerated chicken wings for consumption on or off the premises |

19.     Original Anchor Bar has complied with Section 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and its U.S. Trademark Reg. Nos. 1549347, 2172483, 2612603, 2,666,055, 2662608, 4442199, and 4428337 are now incontestable. Copies of Plaintiff's Statements of Incontestability are attached to this Complaint as **Composite Exhibit "B".**

20.     Original Anchor Bar also registered its ANCHOR BAR mark for

use in association with fresh, frozen and refrigerated chicken wings for consumption on or off the premises; chicken wing sauces; and restaurant services as International Reg. No. 1595210 on April 7, 2021, with extension of protection of the mark into the European Union. A copy of the Certificate of Registration is attached to this Complaint as **Exhibit "C".**

21.    Original Anchor Bar  registered its trademark shown below



for use in association with fresh, frozen and refrigerated chicken wings for consumption on or off the premises; chicken wing sauces; and restaurant services as International Reg. No. 1596129 on April 8, 2021, with extension of protection of the mark into the European Union. A copy of the Certificate of Registration is attached to this Complaint as **Exhibit "D".**

22.    Original Anchor Bar has utilized its ANCHOR BAR Marks in its advertising, through newspapers and other print media, as well as internet and social media promotion, via mediums including but not limited to Facebook, Instagram, and its website.

23.    Plaintiff's ANCHOR BAR Marks have gained nationwide and global recognition as a result of its iconic Buffalo Wings. The Food Network

featured Plaintiff's restaurant and its Buffalo Wings on Bobby Flay's "Throwdown! With Bobby Flay" (Season 2, Episode 11), which first aired on June 14, 2007.   In 2018, the television reality show "Bachelorette" traveled to Buffalo and visited the ANCHOR BAR restaurant to eat Buffalo Wings. In the same year, the ANCHOR BAR restaurant was featured on CBS's "Murphy Brown." Even Homer Simpson ate wings at an animated version of Plaintiff's Anchor Bar in 2019.

24.    In April 2003, Plaintiff's Anchor Bar restaurant won the "James Beard Award" given to restaurants that have timeless appeal and are beloved for quality food reflecting the history and character of their community. In May of the same year, Plaintiff's original Anchor Bar restaurant received the "Quality International Award" for its sauces from the American Tasting Institute.

25.    Original Anchor Bar's Buffalo Wings have been the subject of countless articles published in such media as the Boston Globe (2021), USA Today (2015), Time Magazine (2009), the New York Times (1981), and the New Yorker Magazine (1980).

26.    In 2009, Original Anchor Bar entered into a non-exclusive license agreement under which a restaurant branded with Plaintiff's ANCHOR BAR Marks opened at the Buffalo-Niagara International Airport, where millions of domestic and international travelers a year pass through.

9

27.   In 2012, Original Anchor Bar began offering franchise opportunities in the United States and Canada for restaurants branded with its ANCHOR BAR Marks. Currently there are fourteen (14) ANCHOR BAR franchises located in the United States and Canada, including seven (7) in New York State, one (1) in Maryland, one (1) in Georgia, three (3) in Texas, and two (2) in Canada. Plaintiff is actively entering into new franchise agreements, with at least nine (9) locations scheduled to open in 2022 and 2023, including at least two (2) locations in Florida.

28.   On or about November 2020, Original Anchor Bar was contacted by a potential franchisee in the Tampa, Florida area. While speaking with the potential franchisee, Original Anchor Bar learned for the first time about Defendant's restaurant branded as THE ANCHOR BAR.

29.   On or about December 2021, a different potential franchisee from the Tampa, Florida area contacted Original Anchor Bar regarding a franchise agreement. In January 2022, during negotiations for the franchise, the potential franchisee informed Plaintiff about Defendant's THE ANCHOR BAR restaurant. Plaintiff ultimately entered into a franchise agreement to open a location in the Tampa, Florida greater geographic area.

30.   During negotiations to enter into a franchise agreement to enter the Tampa, Florida geographic area, Original Anchor Bar began to seek information regarding Defendant's THE ANCHOR BAR restaurant.

10

31.    Defendant is doing business using the tradename and trademark "THE ANCHOR BAR" (the "Infringing Mark") in connection with restaurant services in Tampa, Florida.

32.    Defendant uses a website, located at www.anchorbartampa.com ("Defendant's Website"), the URL of which contains Plaintiff's ANCHOR BAR mark, and which prominently features Defendant's Infringing Mark.  Below is a screenshot of Defendant's Website:



33.    Original Anchor Bar and Defendant provide similar and/or identical goods and services.

34.    For example, Defendant's restaurant menu prominently features chicken wings along with other types of foods similarly provided in Original Anchor Bar's 's restaurant locations as shown below in the comparison of the menus posted on the websites of Plaintiff and Defendant:

## Original Anchor Bar Online Menu



# APPETIZERS

**MOZZARELLA STIX (6)**
Fried gooey mozzarella stix, served with a side of marinara. $10.49

**FRIED COCONUT SHRIMP (6)**
Shrimp is coated in a coconut breadcrumb and quickly fried to perfection. $13.99

**DEEP FRIED PICKENS**
Choice of One $11.99
(Served with a side of Ranch Dressing)
Mixed Veggies, Mushrooms, Cauliflower, Broccoli Cheddar, Zucchini, Fried Pickles Onion Rings (Served with chipotle ranch)

**PIZZA LOGS (5)** Egg roll wraps stuffed with mozzarella cheese and pepperoni, served with a of pizza sauce. $10.99



**POTATO SKINS**
**(3)** $6.99   **(6)** $13.79
Stuffed with mozzarella cheese and bacon.

**GARLIC BREAD** Toasted, crispy roll topped with garlic butter and baked to perfection. $8.49

**JALAPENO POPPERS (6)**
Deep fried stuffed with cheddar cheese, spicy jalapenos and served with your choice of dip. $10.49

**STUFFED HOT PEPPERS** Hungarian peppers stuffed with a blend of cheeses and baked to perfection, served with garlic toast. $11.99

**SAMPLER PLATTER** 2 potato skins, 2 pizza logs, 2 jalapeno poppers and 2 mozzarella stix served with bleu cheese dip and pizza sauce. $15.49

# SOUP & SALAD

**ADD GRILLED CHICKEN**
to Chef, Julienne, or Caesar + 3.99

## CHOICE OF DRESSINGS
French • Caesar • Ranch • Italian • Bleu Cheese • Peppercorn • Raspbery Vinaigrette • 1000 Island • Light Italian

**ANTIPASTO**
Fresh lettuce topped with capicola, salami, pepperoni, mushrooms, hot peppers, eggs, tomato and provolone topped with croutons. $14.99

**CHEF SALAD**
Field greens topped with tomatoes, cucumber, croutons and shredded cheese blend served with your choice of dressing. $8.99

**JULIENNE SALAD**
Field greens topped with provolone, ham, turkey, egg and cherry tomatoes served with your choice of dressing. $12.99

**BUFFALO CHICKEN SALAD**
Crispy or grilled chicken strips tossed with Original (Medium) Anchor Bar Wing Sauce served over mixed greens, cucumbers, tomatoes and crumbled bleu cheese. $14.99

**ORIGINAL ANCHOR BAR SPICY HOT CHICKEN WING SOUP**
Cup $5.49 | Bowl $6.49



**SOUP OF THE DAY**
(ask your server)
Cup $5.49 | Bowl $6.49

**CAESAR SALAD** Romaine Lettuce, tossed with croutons, shredded parmesan cheese in our creamy caesar dressing. $10.99

# ENTREES

**ADD 5 WINGS**
to any order + 6.99

**ANCHOR BAR CHICKEN TENDERS**
Fresh chicken tenders breaded in house and fried til golden brown. Tossed in your choice of Anchor Bar Wing Sauce or dry rub, served with your choice of french fries, coleslaw or potato salad. $13.99

**SPAGHETTI & MEATBALLS**
Spaghetti, served with our delicious homemade sauce! Served with a side salad. $16.99

**EGGPLANT PARMIGIANA**
Eggplant lightly breaded and fried, topped with our homemade sauce and smothered in mozzarella cheese served with side of spaghetti. $15.99

**GRILLED TENDERS (GF)**
Fresh chicken tenders grilled and coated in your choice of Anchor Bar Rubs served with your choice of french fries, coleslaw or potato salad. $14.99

**CHEESE RAVIOLI**
Stuffed with the very finest Italian ricotta and spices! Served with a side salad. $14.49

**FISH FRY**
Battered Haddock fried and served with french fries and coleslaw. $14.49



# PIZZA

**TRADITIONAL ANCHOR BAR STYLE!**

**CAULIFLOWER SMALL CRUST NOW AVAILABLE! +2.99**

### ADDITIONAL TOPPINGS - sm $1.99 • lg $2.29
Onions • Pepperoni • Bacon • Mushrooms • Green or Black Olives • Green or Hot Peppers

**CHEESE & PEPPERONI** $13.99 | $16.99

**CHEESE PIZZA** Mozzarella cheese pizza. Add any of our toppings to make it your own! $11.99 | $14.99

**WHITE PIZZA** Olive oil, chopped onion, tomato, parmesan cheese and mozzarella cheese. $14.99 | $17.99



## BURGERS

**All burgers served with fries and a pickle unless otherwise stated.**

### AMERICAN BURGER
Our fresh angus beef patty char grilled topped with American cheese, lettuce, tomato and red onion on a fresh kaiser roll served with french fries. $12.99

### TURKEY BURGER
(8 oz) A lean seasoned turkey burger charbroiled to perfection, topped with lettuce, tomato and red onion on a kaiser roll served with french fries. $13.99

### VEGETARIAN BURGER
Beyond Burger char grilled and topped with lettuce, tomato and red onion on a fresh kaiser roll. Served with a side salad. $14.99

## SIDE ORDERS

**4.69 each**
FRENCH FRIES • POTATO SALAD • ANCHOR WEDGES
SWEET POTATO WAFFLE FRIES • COLESLAW

## SUBMARINES

| | Small | Large |
|---|---|---|
| ASSORTED | $9.99 | $13.99 |
| HAM | $9.99 | $13.99 |
| TURKEY | $9.99 | $13.99 |
| SALAMI | $9.99 | $13.99 |

Submarines served on a toasted sub roll with cheese, lettuce, tomato, choice of oil or mayo.

## SANDWICHES & WRAPS

**ADD 5 WINGS** to any order + 6.99

### ROAST BEEF ON WECK
with Fries and a Pickle. $12.99

### BUFFALO'S BEST ANCHOR BAR WINGS & WECK
Five wings tossed in your choice of Original Anchor Bar Wing Sauce alongside Buffalo's favorite sandwich - juicy roast beef piled high on a freshly baked kimmelweck roll. $18.99



### BLT SANDWICH
Crispy bacon, fresh lettuce and tomato served on white bread with mayonnaise served with French Fries. $9.99

### CLUB SANDWICH
Crispy bacon, fresh turkey, lettuce, tomato and mayonnaise, served on white bread. $10.99

### PULLED PORK SANDWICH
On a soft roll served with fries and a pickle. $11.49

### HOT CORNED BEEF Thinly sliced corn beef on rye served with potato salad. $11.49

### GRILLED CHICKEN SANDWICH
Juicy chicken breast grilled and topped with lettuce, tomato and onion on a fresh roll served with Anchor Chips. $11.99

### GRILLED BOLOGNA Thick cut with fried onions on a soft roll with fries. $10.99

### BUFFALO CHICKEN SANDWICH
Fried chicken breast tossed in Original (Medium) Anchor Bar Wing Sauce topped with lettuce, tomato and onion. Served with bleu cheese dressing and potato wedges. $11.99

### TUNA MELT
Fresh tuna salad, aged swiss cheese, crispy bacon strips, grilled on rye, served with potato salad. $10.99

### OPEN FACED MEATBALL
Homemade meatballs in our red sauce, with melted mozzarella cheese served in a casserole. $10.99

### HOT MEATBALL SUB
Hot, baked meatball sub smothered with sauce and mozzarella cheese. $11.99

### REUBEN
Grilled, sliced corned beef with sauerkraut, swiss cheese, thousand island dressing on rye served with potato salad. $11.99

## KIDS

**KIDS 12 YEARS & UNDER**   **YOUR CHOICE FOR 6.99 • INCLUDES SOFT DRINK**

### ANCHOR BAR CHICKEN TENDERS (2)
Fresh chicken tenders breaded in house and fried till golden brown. Served with french fries and bleu cheese dip.

### KIDS WINGS AND FRIES (3)
Served plain or tossed with your choice of Anchor Bar Wing Sauce with bleu cheese and celery.

### PIZZA LOGS & FRIES (2)
Served with side of pizza sauce.

### CHEESE PIZZA
Mozzarella cheese with pepperoni.

### GRILLED CHEESE & FRIES

**VISIT US AT WWW.ANCHORBAR.COM**
to view all of our locations across the United States and Canada!

14

## Defendant's On-line Menu







35.   In addition to Defendant promoting its Infringing Mark through its Website, Defendant promotes its Infringing Mark in commerce on the internet via mediums including but not limited to social media sites such as Instagram and Facebook, as shown in the screen shots below:



36.    Upon information and belief and as shown below, knowing that Buffalo Wings originated in Original Anchor Bar's Buffalo, New York restaurant, Defendant has used hashtags on Instagram directed at the Buffalo, New York, area and Buffalo's Buffalo Bills professional football team, to advertise Defendant's restaurant and chicken wings:



37.    Defendant's Infringing Mark is confusingly and substantially similar, if not identical, to Plaintiff's ANCHOR BAR word marks.

38.    Defendant's use of its Infringing Mark in interstate commerce is likely to cause confusion in the marketplace with respect whether Defendant's goods and services originate from or are affiliated with or sponsored by Original Anchor Bar.

39.    Original Anchor Bar has priority of use in its ANCHOR BAR Marks because Original Anchor Bar's first use of its ANCHOR BAR Marks

in commerce predate Defendant's alleged first use of Defendant's Mark by many decades.

40. Defendant's continued use of its Infringing Mark in commerce is likely to cause continued confusion, mistake, or deception amongst consumers as to the origin, sponsorship, or approval of Defendant's goods and/or services because of the similarity of Defendant's Infringing Mark with Original Anchor Bar's ANCHOR BAR Marks.

41. Upon discovering Defendant's infringing conduct, Original Anchor Bar's counsel sent a cease and desist letter to Defendant on January 19, 2022. A copy of that letter is attached to this Complaint as **Exhibit "E"**.

42. Upon information and belief, despite receiving the cease and desist letter from Original Anchor Bar, Defendant continued to market, sell, and otherwise provide its goods and services using its Infringing Marks and, as of the date of this Complaint, is continuing to do so.

43. Upon information and belief, Defendant is knowingly and willingly continuing its unauthorized use of a confusingly similar tradename and trademark to Plaintiff's ANCHOR BAR Marks in order to intentionally deceive consumers in the marketplace and to trade off the valuable goodwill of Plaintiff's Marks and reputation.

44. Defendant's use of its Infringing Mark constitutes at least: trademark infringement; unfair competition; false designation of the source,

18

origin, affiliation, or sponsorship; and deceptive and unfair trade practices.

45.    Upon information and belief, creating perceived affiliation and connection with Plaintiff's Marks and good name is precisely the implication and the intent, of Defendant's false designation. Consumers view Defendant's purposefully disseminated and clearly confusing misinformation in the marketplace and are getting, and will continue to get, the false impression that Defendant's goods and/or services originate from, are affiliated with, or sponsored by Original Anchor Bar.

46.    Upon information and belief, confusion and deception caused by Defendant's use of its Infringing Mark is further enhanced by the fact that Defendant offers the same type of goods and services as Plaintiff, namely, restaurant services which feature chicken wings. Thus, consumers are more likely to, and will in fact, believe the false designation of origin put forth by Defendant.

47.    Original Anchor Bar has suffered and continues to suffer damages and irreparable harm from Defendant's actions and bad faith conduct as customers have been, and continue to be, misled into thinking that Defendant's goods and services actually originate under and are associated with Plaintiff's Marks.

48.    Original Anchor Bar has no adequate remedy at law to prevent the injuries caused by Defendant's continuing illegal actions.

49.     Given Defendant's clear violations of Original Anchor Bar's rights protected under both federal and Florida law, Original Anchor Bar will likely prevail on the merits of this action.

50.     The balance of the hardships and public interest require that Defendant and those acting in concert with Defendant immediately and permanently cease their wrongful conduct.

51.     Original Anchor Bar has retained the undersigned law firms to vindicate its rights against Defendant and is obligated to pay its attorneys reasonable attorneys' fees for their services.

## COUNT I
## TRADEMARK INFRINGEMENT (15 U.S.C. §§ 1114, 1116, and 1117)

52.     Original Anchor Bar repeats and incorporates by reference the allegations in paragraphs 1 through 51 above as if fully set forth herein.

53.     This is an action for infringement of federally registered trademarks seeking preliminary and permanent injunctive relief under 15 U.S.C. §§ 1114 and 1116, an award of Defendants' profits plus Plaintiff's damages, costs, and attorneys' fees under 15 U.S.C. §§1114 and 1117.

54.     Defendant has, by virtue of its above-described acts, infringed upon Original Anchor Bar's rights in its federally registered ANCHOR BAR Marks in violation of 15 U.S.C. § 1114.

55.     Upon information and belief, Defendant's above-described acts of

20

infringement have been committed, and are continuing to be committed, willfully and with the knowledge that use of Defendant's Infringing Mark is causing consumer confusion, mistake, or deception.

56.    As a result of the Defendant's above-described intentional and deliberate infringement of Plaintiff's Marks, this is an exceptional case and Original Anchor Bar is entitled to preliminary and permanent injunctions under 15 U.S.C. §1116, an award of Defendant's profits, up to three (3) times any damages sustained by Original Anchor Bar, the costs of this action, and Original Anchor Bar's reasonable attorneys' fees under 15 U.S.C. § 1117.

**WHEREFORE**, Original Anchor Bar requests this Court to enter judgment in favor of Original Anchor Bar and against Defendant and:

A.    Preliminarily and permanently enjoin Defendant and all of its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendant, or in concert or participation with Defendant, from engaging in any of the conduct constituting infringement of any of Original Anchor Bar's ANCHOR BAR Marks;

B.    Order Defendant to account for and award to Original Anchor Bar any and all profits derived by Defendant in connection with Defendant's infringement of Plaintiff's Marks;

C.     Award to Original Anchor Bar and against Defendant all damages caused by Defendant's infringement of Plaintiff's Marks;

D.     Treble the damages to be awarded to Original Anchor Bar;

E.     Order Defendant to pay Original Anchor Bar's costs and reasonable attorneys' fees incurred in connection with this action;

F.     Award to Original Anchor Bar and against Defendant pre-judgment and post-judgment interest on the damages and profits awarded to Original Anchor Bar; and

G.     Grant to Original Anchor Bar all such other and further relief as the Court may deem appropriate and just.

## COUNT II
## UNFAIR COMPETITION UNDER 15 U.S.C. § 1125
## (FALSE DESIGNATION OF ORIGIN, FALSE ADVERTISING)

57.     Original Anchor Bar repeats and incorporates by reference the allegations in paragraphs 1 through 51 above as if fully set forth herein.

58.     This is an action for false designation of origin, description or representation arising under 15 U.S.C. § 1125(a)(1)(A), seeking preliminary and permanent injunctive relief, damages, and attorneys' fees.

59.     Original Anchor Bar owns Plaintiff's Marks for use in association with restaurant services, the sale of chicken wings both on and off the premises, and the sale of chicken wing sauces.

60.     Plaintiff's Marks have been advertised and used in commerce

22

throughout the United States and globally.

61.    Plaintiff's Marks have become, through public acceptance and recognition, an asset of value as a symbol of Original Anchor Bar's quality products and services and its goodwill.

62.    Defendant has used its Infringing Mark in commerce without the consent of Original Anchor Bar.

63.    Defendant's deliberate unauthorized use of its Infringing Mark in commerce is likely to cause confusion, because, among other things: (a) Defendant's Infringing Mark is likely to confuse the public as to the source or origin of Defendant's goods and services; (b) Defendant's Infringing Mark is likely to confuse the public because Defendant is marketing and selling and offering the same types of goods and services as Original Anchor Bar and suggests some affiliation between Defendant and Original Anchor Bar where none exists; (c) Defendant and Original Anchor Bar market to the same customers in the same geographic area; and (d) Defendant's goods and services are sold or otherwise offered in the same and similar channels of trade as those goods and services sold or otherwise offered by Original Anchor Bar.

64.    Defendant's unauthorized adoption and commercial use of its Infringing Mark in connection with its goods and services is likely to cause confusion as to the source or origin of Defendant's goods and services and as

to Defendant's affiliation, connection or association with Original Anchor Bar.

65.     Upon information and belief, Defendant's above-described acts of have been committed, and are continuing to be committed, willfully with the knowledge and intent that its use of the Infringing Mark is likely to cause confusion, or to cause mistake, or to deceive.

66.     Defendant's acts and conduct alleged above constitute unfair competition, false designation of origin, and false advertising in violation of 15 U.S.C. § 1125(a)(1)(A).

67.     As a result of the Defendant's above-described intentional and deliberate acts, this is an exceptional case and Original Anchor Bar is entitled to preliminary and permanent injunctions under 15 U.S.C. §1116, an award of Defendant's profits, up to three (3) times any damages sustained by Original Anchor Bar, the costs of this action, and Original Anchor Bar's reasonable attorneys' fees under 15 U.S.C. § 1117.

**WHEREFORE**, Original Anchor Bar requests this Court to enter judgment in favor of Original Anchor Bar and against Defendant and:

A.     Preliminarily and permanently enjoin Defendant and all of its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendant, or in concert or participation with Defendant, from engaging in any

24

of the conduct constituting unfair competition, false designation of origin, or false advertising in violation of 15 U.S.C. § 1125(a)(1)(A);

B.     Order Defendant to account for and award to Original Anchor Bar any and all profits derived by Defendant in connection with Defendant's unfair competition, false designation of origin, or false advertising in violation of 15 U.S.C. § 1125(a)(1)(A);

C.     Award to Original Anchor Bar and against Defendant all damages caused by Defendant's unfair competition, false designation of origin, or false advertising in violation of 15 U.S.C. § 1125(a)(1)(A);

D.     Treble the damages to be awarded to Original Anchor Bar;

E.     Order Defendant to pay Original Anchor Bar's costs and reasonable attorneys' fees incurred in connection with this action;

F.     Award to Original Anchor Bar and against Defendant pre-judgment and post-judgment interest on the damages and profits awarded to Original Anchor Bar; and

G.     Grant to Original Anchor Bar all such other and further relief as the Court may deem appropriate and just.

## <u>COUNT III</u>
## FEDERAL UNFAIR COMPETITION UNDER § 1125(a)(1)(B)

68.     Original Anchor Bar repeats and incorporates by reference the allegations in paragraphs 1 through 51 above as if fully set forth herein.

69.    This is an action for unfair competition under 15 U.S.C. §1125(a)(1)(B), seeking preliminary and permanent injunctive relief, damages, and attorneys' fees.

70.    Defendant has, by virtue of its above-described acts, infringed upon Original Anchor Bar's federally registered and common law rights in its ANCHOR BAR Marks and are competing unfairly with Original Anchor Bar by using Plaintiff's Marks in association with Defendant's goods and services in violation of 15 U.S.C. § 1125(a)(1)(B).

71.    Upon information and belief, Defendant's above-described acts of infringement and unfair competition have been committed, and are continuing to be committed, willfully with the knowledge that its Infringing Mark is intended to be used to cause confusion, or to cause mistake, or to deceive.

72.    As a result of the Defendant's above-described intentional and deliberate acts, this is an exceptional case and Original Anchor Bar is entitled to preliminary and permanent injunctions under 15 U.S.C. §1116, an award of Defendant's profits, up to three (3) times any damages sustained by Original Anchor Bar, the costs of this action, and Original Anchor Bar's reasonable attorneys' fees under 15 U.S.C. § 1117.

**WHEREFORE**, Original Anchor Bar requests this Court to enter judgment in favor of Original Anchor Bar and against Defendant and:

A.     Preliminarily and permanently enjoin Defendant and all of its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendant, or in concert or participation with Defendant, from unfairly competing with Original Anchor Bar by using Plaintiff's Marks in association with Defendant's goods and services in violation of 15 U.S.C. § 1125(a)(1)(B);

B.     Order Defendant to account for and award to Original Anchor Bar any and all profits derived by Defendant in connection with Defendant unfairly competing with Original Anchor Bar by using Plaintiff's Marks in association with Defendant's goods and services in violation of 15 U.S.C. §1125(a)(1)(B);

C.     Award to Original Anchor Bar and against Defendant all damages caused by Defendant unfairly competing with Original Anchor Bar by using Plaintiff's Marks in association with Defendant's goods and services in violation of 15 U.S.C. § 1125(a)(1)(B);

D.     Treble the damages to be awarded to Original Anchor Bar;

E.     Order Defendant to pay Original Anchor Bar's costs and reasonable attorneys' fees incurred in connection with this action;

F.     Award to Original Anchor Bar and against Defendant pre-judgment and post-judgment interest on the damages and profits awarded to Original Anchor Bar; and

G.    Grant to Original Anchor Bar all such other and further relief as the Court may deem appropriate and just.

**COUNT IV**
**VIOLATIONS OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT**

73.    Original Anchor Bar repeats and incorporates by reference the allegations in paragraphs 1 through 51 above as if fully set forth herein.

74.    Defendant's acts, as described above, were performed by Defendant in the course of trade or commerce.

75.    Defendant's acts, as described above, constitute unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in violation of Florida's Deceptive and Unfair Trade Practices Act, Section 501.201, et seq., Florida Statutes.

76.    Defendant's acts described above are likely to deceive consumers into thinking that there is an affiliation between Original Anchor Bar and Defendant and/or that Original Anchor Bar endorses Defendant's goods, services, and/or business practices.

77.    Defendant's unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices have caused, and will continue to cause, Original Anchor Bar to suffer irreparable harm and damages.

78.     Defendant's unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices entitle Original Anchor Bar to actual damages, plus attorney's fees and costs, pursuant to Sections 501.2105 and 501.211, Florida Statutes.

**WHEREFORE**, Original Anchor Bar requests this Court to enter judgment in favor of Original Anchor Bar and against Defendant and:

A.     Preliminarily and permanently enjoin Defendant and all of its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendant, or in concert or participation with Defendant, from engaging in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices;

B.     Order Defendant to account for and award to Original Anchor Bar any and all profits derived by Defendant in connection with Defendant engaging in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices;

C.     Award to Original Anchor Bar and against Defendant all damages caused by Defendant engaging in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices;

D.     Order Defendant to pay Original Anchor Bar's costs and reasonable attorneys' fees incurred in connection with this action;

E.     Award to Original Anchor Bar and against Defendant pre-judgment and post-judgment interest on the damages awarded to Original Anchor Bar; and

G.     Grant to Original Anchor Bar all such other and further relief as the Court may deem appropriate and just.

## COUNT V
## FLORIDA COMMON LAW TRADEMARK INFRINGEMENT

79.     Original Anchor Bar repeats and incorporates by reference the allegations in paragraphs 1 through 51 above as if fully set forth herein.

80.     Original Anchor Bar registered Plaintiff's Marks, which are distinctive marks and serve as an exclusive source indicator for Original Anchor Bar's high quality restaurant services and well-known Buffalo Wings.

81.     Defendant is not a licensee or otherwise authorized to use Plaintiff's Marks and has no right to hold itself out as the source of Plaintiff's Marks.

82.     Defendant's unauthorized use of Plaintiff's Marks, in commerce, in association with the promotion and sale of restaurant services featuring chicken wings, is likely to cause confusion among consumers as to the source of the goods and services offered by Defendant.

83.     Upon information and belief, Defendant is engaging in the

conduct described above willfully and with full knowledge and awareness of Plaintiff's prior and continuing trademark rights, and with the purpose and intent of trading off the goodwill in Plaintiff's Marks and confusing the relevant consuming public into mistakenly believing that Defendant is the source of Original Anchor Bar's goods and/or services or that Defendant's goods and services are otherwise affiliated with, sponsored by, authorized by, or in association with Original Anchor Bar.

84.    Defendant's actions constitute common law trademark infringement.

**WHEREFORE**, Original Anchor Bar requests this Court to enter judgment in favor of Original Anchor Bar and against Defendant and:

A.    Preliminarily and permanently enjoin Defendant and all of its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendant, or in concert or participation with Defendant, from infringing Plaintiff's Marks;

B.    Award to Original Anchor Bar and against Defendant all damages caused by Defendant infringing Plaintiff's Marks;

D.    Award to Original Anchor Bar and against Defendant pre-judgment and post-judgment interest on the damages awarded to Original Anchor Bar; and

E.   Grant to Original Anchor Bar all such other and further relief as the Court may deem appropriate and just.

## COUNT VI
## FLORIDA COMMON LAW UNFAIR COMPETITION

85.   Original Anchor Bar repeats and incorporates by reference the allegations in paragraphs 1 through 51 above as if fully set forth herein.

86.   This is an action against Defendant based on its promotion, advertisement, sale and/or offering for sale of services using a mark that is virtually identical to Plaintiff's Marks in violation of Florida's common law of unfair competition.

87.   Defendant is promoting and otherwise advertising, selling, offering for sale and providing goods and services using Plaintiff's Marks or a mark confusingly similar to Plaintiff's Marks.

88.   Defendant is also infringing Plaintiff's Marks to unfairly compete with Original Anchor Bar.

89.   Defendant's wrongful actions described above are likely to cause and actually are causing confusion, mistake, and deception to the general consuming public as to the origin and quality of Defendant's goods and services using Plaintiff's Marks.

90.   Defendant's actions described above constitute unfair competition in violation of Florida's common law.

## JURY TRIAL DEMAND

Original Anchor Bar respectfully demands a trial by jury on all claims and issues so triable.

DATED:   June 6, 2022          Respectfully submitted,

*/s/ Ellen S. Simpson*
Ellen S. Simpson
Florida Bar No. 37516
SIMPSON & SIMPSON PLLC
5555 Main Street
Williamsville, New York 14221
(716) 626-1564
(716) 626-0366 (Facsimile)
esimpson@idealawyers.com

2000 PGA Blvd., Suite 4400
Palm Beach Gardens, Florida 33408
(561) 691-5597
(561) 691-5598 (Facsimile)

*Lead Trial Counsel for Plaintiff,*
*Anchor Bar Distributing Co., LLC*
and

*/s/ Richard E. Fee*
Richard E. Fee
Florida Bar No. 813680
FEE & JEFFRIES, P.A.
1227 N. Franklin Street
Tampa, Florida 33602
(813) 229-8008
(813) 229-0046 (Facsimile)
rfee@feejeffries.com
kwade@feejeffries.com
bszabo@feejeffries.com

*Co-counsel for Plaintiff,*
*Anchor Bar Distributing Co., LLC*